UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Terry Edward McCall, | ) | C/A No. 2:15-cv-01012-TLW-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | (partial summary dismissal) |
| Scotty Bodiford; | ) | |
| James Dorriety; | ) | |
| D. Wilson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed pro se by a local detention center inmate. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.  Factual Background

Terry Edward McCall ("Plaintiff") filed this case while he was detained at the Greenville County Detention Center ("GCDC"). Compl. 2, ECF No. 1. He alleges that, on September 8, 2014, he was assaulted by a fellow detainee whom Defendant D. Wilson placed in the same holding cell, resulting in serious, continuing physical and psychological injuries. *Id.* at 3. Plaintiff alleges that Defendant Wilson knew that the fellow inmate had just been released from a "mental facility and was not stabilized by medication" when he was placed in the same cell with Plaintiff. *Id.* Although Plaintiff also names two other current or former GCDC officials, as Defendants, there are no allegations about any personal involvement that either Defendant

Bodiford or Defendant Dorriety had to Defendant Wilson's decision to place Plaintiff and the other prisoner together in the same cell. In fact, neither Defendant Bodiford nor Defendant Dorriety are mentioned anywhere in any of Plaintiff's allegations.[1] Plaintiff asks this court for compensatory and punitive damages. *Id*. at 5.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of*

---

[1] Plaintiff submitted service documents for "Traci Krien." ECF No. 13 at 2, 6. However, there are no allegations against this person in the Complaint under review and this person's name is not listed in the caption of the Complaint or on page two of the Complaint where there is a space to list "additional defendants." One May 4, 2015, Plaintiff was granted additional time to submit a proper amended complaint should he choose to do so. ECF No. 10. The June 3, 2015 deadline for that submission has now passed and no amended complaint was submitted.

*Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

The Complaint is subject to summary dismissal as to Defendants Bodiford and Dorriety because following a careful review of the Complaint, there are no allegations contained in the Complaint against either of these Defendant. Under the provisions of the Prison Litigation Reform Act, more specifically 28 U.S.C. § 1915(e)(2)(B), this court should dismiss an action filed by a prisoner which is "frivolous" or "fails to state a claim on which relief may be granted." Because there are no allegations of any wrongdoing on the part of either Defendant Bodiford or Defendant Dorriety, Plaintiff's Complaint is both frivolous and fails to state a claim on which relief can be granted as to these persons. *See Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d at 389 n.2 (dismissal proper where there were no allegations to support claim). In the absence of substantive allegations of wrongdoing against the named Defendants, there is nothing from which this court can liberally construe any type of plausible cause of action against either arising from the Complaint. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Black v. Lane*, 22 F.3d 1395, 1401 n.8 (7th Cir. 1994); *Walker v. Hodge*, 4 F.3d 991, at * 2 n. 2 (5th Cir. 1993); *Banks v. Scott*, 3:13CV363, 2014 WL 5430987, at *2 (E.D. Va. Oct. 24, 2014). It is well settled that federal

courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for state prisoners or *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d at 1278; *Gordon v. Leeke*, 574 F.2d at 115.

Moreover, assuming without deciding that Plaintiff named both Bodiford and Dorriety as Defendants because they were or are employment supervisors of Defendant Wilson, Plaintiff fails to state a plausible claim against either person. In order to assert a plausible § 1983 claim against any particular public official,[2] a causal connection or affirmative link must exist between the conduct of which the plaintiff complains and the official sued. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977) (for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985). As a general rule, the doctrine of vicarious liability or *respondeat superior* is not available to a § 1983 plaintiff as a means to create liability of a state-actor supervisor for the acts or his/her subordinate. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). There is a limited exception to the prohibition against imposing *respondeat superior* or vicarious liability on supervisory personnel in § 1983

---

[2] Plaintiff's claims for damages allegedly arising from the conditions of his confinement within GCDC are properly considered by this court under its federal question jurisdiction pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). No other viable basis for the exercise of this court's subject matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint.

cases, which has been enunciated in cases such as *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984). Supervisory officials like Defendants Bodiford and Dorriety may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates so long as the facts alleged satisfy the Fourth Circuit Court of Appeals' established three-part test for supervisory liability under § 1983: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted).

In *Randall v. Prince George's County*, 302 F.3d 188, 206 (4th Cir. 2002), the Fourth Circuit concluded that, "[u]nder the first prong of *Shaw*, the conduct engaged in by the supervisor's subordinates must be 'pervasive,' meaning that the 'conduct is widespread, or at least has been used on several different occasions.'" Furthermore, in establishing "deliberate indifference" under *Shaw's* second prong, a plaintiff "[o]rdinarily . . . cannot satisfy his burden of proof by pointing to a single incident or isolated incidents . . . for a supervisor cannot be expected . . . to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct." *Id*. (quoting *Slakan*, 737 F.2d at 373); *see also Green v. Beck*, No.12-7279, 2013 WL 4517028, at *2 (4th Cir. Aug. 27, 2013) (alleged failure of supervisory officials to investigate grievances not sufficient to establish liability under § 1983).

The *Slaken* exception is not adequately pleaded in this case because there are no

allegations of any personal knowledge (or even subjective knowledge) on either Defendant Bodiford's or Defendant Dorriety's part of the problems that Plaintiff alleges he had when he was assaulted by a fellow detainee at GCDC. Thus, regardless of how pervasive the alleged problems at GCDC might be, neither Bodiford nor Dorriety can be found liable for them simply based on their current or former job as the overall supervisor of employees at GCDC. Moreover, there are no allegations from which any potential responsibility of either Bodiford or Dorreity for an unconstitutional GCDC policy or custom could be established. The lack of any allegations establishing a plausible § 1983 claim against Defendants Bodiford or Dorriety requires that the Complaint be partially summarily dismissed insofar as it seeks to hold either of them liable for damages.

IV.     Recommendation

Accordingly, it is recommended that the District Court partially dismiss the Complaint in this case *without prejudice* as to Defendants Bodiford and Dorriety. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The Complaint should be served on Defendant Wilson.

Plaintiff's attention is directed to the important notice on the next page.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

June 10, 2015
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).