IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Terry Edward McCall, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:15-cv-1012-TLW ) |
| Robert Castillo Officer, individually, officially sued; Matthew Rotan, sued individually, officially, Charles Poston, sued individually, officially; Scotty Bodiford, sued individually, officially; and Robert White, sued individually, officially; | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

## **ORDER**

Plaintiff Terry Edward McCall, a pretrial detainee proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. ECF Nos. 1, 98. On October 20, 2016, Defendants filed a motion for summary judgment. ECF No. 111. Plaintiff responded, filing a "Memorandum in Support of Opposition Motion to Deny Summary Judgment," ECF No. 114, a "Request for Sanctions Against the Defendants for Extrinsic Fraud Upon the Court," ECF No. 117, and "Plaintiffs Reply to Defendants Responses to Plaintiffs Fourth Set of Requests for Production of Documents AND Plaintiffs Reply to Defendants Reply to Plaintiffs Memorandum In Opposition to Summary Judgment," ECF NO. 118. Defendants replied in support of their summary judgment motion. ECF Nos. 115, 119.

On June 14, 2017 United States Magistrate Judge Mary Gordon Baker issued a Report and Recommendation recommending granting Defendants' motion for summary judgment and denying Plaintiff's Motion for Sanctions and Motion to Compel as moot. ECF No. 132. Plaintiff

1

filed Objections and Amended Objections to the Report, ECF Nos. 134, 137, and Defendants filed a reply to Plaintiff's objections, ECF No. 135. This matter is now ripe for disposition.

This Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the filings and the relevant law. While Plaintiff generally asserted facts in connection with the incident on September 8, 2014, he does not state a violation of his constitutional rights by the named Defendants. The record reflects that Defendants did not know that the detainee posed a specific, serious risk of harm to the Plaintiff. In Plaintiff's objections, he restates that he was entitled to surveillance cameras in his cell and that Defendants knew Mitchell was a violent offender. ECF Nos. 134, 137. However, construing the facts in the light most favorable to Plaintiff, he does not assert that Defendants' actions rise above mere negligence, and, therefore, his claims are not cognizable under 42 U.S.C. § 1983. *See Davidson v. Cannon*, 474 U.S. 344 (1986); *Ruefly v.*

*Landon*, 825 F.2d 792 (4th Cir. 1987); *Pressly v. Hutto*, 816 F.2d 977 (4th Cir. 1987). The Court also notes that the record reflects Plaintiff is currently incarcerated at the Goodman Correctional Institution and no longer resides at the Greenville County Detention Center. This further supports the recommendation of the Magistrate Judge that Plaintiff's causes of action for declaratory and injunctive relief should be denied.

For these reasons and the reasons stated by the Magistrate Judge, the Report, ECF No. 132, is hereby **ACCEPTED** and the Plaintiff's Objections, ECF Nos. 134, 137, are **OVERRULED**. Defendants' motion for summary judgment, ECF No. 111, is hereby **GRANTED** and this case is **DISMISSED**. Plaintiff's discovery motions in connection with his responses in opposition, ECF Nos. 114, 118, are hereby deemed **MOOT**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

September 7, 2017
Columbia, South Carolina